**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| TIMOTHY STIRNEMAN, | ) | Bankruptcy No. 09-20315 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TIMOTHY STIRNEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09-00556 |
| | ) | |
| AUDREY STIRNEMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AMENDMENT TO MEMORANDUM OPINION ON DR. TIMOTHY**
**STIRNEMAN'S MOTION FOR A PRELIMINARY INJUNCTION**

The Memorandum Opinion dated and entered herein on November 4, 2009, is hereby

amended substituting the following Amended Part I for the Part I contained therein (at pp. 3–4),

which is hereby withdrawn. The remaining parts of the Opinion will stand.

**AMENDED PART I**
(New portion is underlined.)

**I. Dr. Audrey Stirneman Is Personally Liable for the Shared Overhead Expenses Under the**
**Term Sheet Agreement Because She Was a Promoter for Algonquin Dental, P.C., who the**
**Parties Intended to Be Personally Liable and There Was No Novation of the Term Sheet**
**Agreement**

A promoter is a person who "forms a corporation and procures for it the rights,

instrumentalities and capital to enable it to conduct its business." *Stap v. Chi. Aces Tennis Team,*

*Inc.*, 379 N.E.2d 1298, 1300 (Ill. App. Ct. 1978). A promoter is personally liable on pre-

incorporation contracts entered into with third parties on behalf of the corporation if the parties

intended that the promoter remain personally liable. *Id.* A court determines intent by examining

the contract and other contemporaneously executed documents. *Id.* A promoter who is personally

liable may be released from liability upon a novation: "a substitution of a new obligation for an

existing one, which is thereby extinguished." *See Cincinnati Ins. Co. v. Leighton*, 403 F.3d 879,

887 (7th Cir. 2005). A novation requires "'[1] a previous, valid obligation; [2] a subsequent

agreement of all the parties to the new contract; [3] the extinguishment of the old contract; and

[4] the validity of the new contract.'" *Id.* (quoting *Phillips & Arnold, Inc. v. Frederick J.*

*Borgsmiller, Inc.*, 462 N.E.2d 924, 928 (Ill. App. Ct. 1984)).

In this case, Dr. Audrey Stirneman is personally liable as a promoter of Algonquin

Smiles, P.C. First, the original Term Sheet Agreement specifically stated that Dr. Audrey

Stirneman would be creating a new corporation, and she did in fact create a new corporation

named Algonquin Smiles, P.C. Thus, Dr. Audrey Stirneman was a promoter for Algonquin

Smiles, P.C. when she entered into the Agreement. Second, the Agreement is clear that Dr.

Audrey Stirneman was to remain personally liable. The Agreement provided that the new

corporation would be "responsible for . . . 50% of the overhead expenses listed in the attached

Exhibit C." The Agreement also provided that, in the event that the new corporation could not

meet this obligation, Dr. Audrey Stirneman's draw from her new corporation or from All Smiles

Dental, P.C. would be reduced so as to retain money to pay the expenses. Also, Dr. Audrey

Stirneman signed the Agreement in her individual capacity, not as a representative for the new

corporation. Third, there was no novation releasing Dr. Audrey Stirneman from her personal

2

liability. <u>The Supplement (attached as Exhibit A) amended the Agreement to include Algonquin

Smiles, P.C. in place of "Newco," and Algonquin Smiles, P.C. was a party to the Supplement.

However, there was no novation because the Supplement contained no language extinguishing

Dr. Audrey Stirneman's personal liability under the Agreement.</u> Therefore, Dr. Audrey

Stirneman remains personally liable as a promoter for the shared overhead expenses and the past

due expenses.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 5th day of January, 2010.

3

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

TIMOTHY D. STIRNEMAN                )
and ALL SMILES DENTAL, P.C.,        )
an Illinois corporation,            )
                                    )
            Plaintiffs,             )
                                    )        Case No.  08 CH 37220
v.                                  )
                                    )
AUDREY M. STIRNEMAN and             )
ALGONQUIN SMILES, P.C. d/b/a        )
ALL SMILES DENTAL WEST,             )
                                    )
            Defendants.             )

## SUPPLEMENT TO
## DECEMBER 28, 2008 TERM SHEET AGREEMENT

As a supplement to their December 28, 2008 Term Sheet Agreement, a copy of which is attached as Exhibit 1, the parties agree as follows:

1.      Unless otherwise set forth herein the terms of the Term Sheet Agreement shall remain in full force and effect.  Defined terms of the Term Sheet Agreement shall have the same meaning herein as set forth within the Term Sheet Agreement.

2.      Reference to "Newco" within the Term Sheet Agreement is hereby amended to "Algonquin Smiles, P.C."

3.      Audrey may begin using the name All Smiles Dental as part of her dental practice beginning April 7, 2009.

4.      Neither party may directly solicit the other party's patients through mail or otherwise except by mass mail through the use of a third party provider utilizing third party providers' mailing lists.

4344-001 / 768079

5.     Paragraph 7 of the Term Sheet Agreement is hereby amended by deleting the following: "Until the Final Separation Date, Tim and Audrey shall have complete view only access to both ASD and Newco's banking, financial, and operational records." However, and notwithstanding such deletion, either party may seek relief in order to obtain access of the other party's banking, financial, and operational records upon a showing of good cause. As future bills become due, Tim will provide Audrey with the vendors, access passwords, and account numbers for the expenses and debts on which Audrey may be liable.

6.     To the extent modified key card access is needed by either party, they will obtain such access through Brian Yelm, consistent with prior court orders in the Litigation.

7.     With regard to the equipment which is the subject of Tim's pending motion for rule to show cause and supplements thereto filed in the Litigation, to the limited extent that duplicate equipment exists within Tim's possession (which both parties may place such duplicate equipment in a locked room), such equipment may remain within Audrey's possession pending the Final Separation Date. In the event such duplicate equipment requires repair, such repairs shall be the responsibility of the party in possession of such equipment. However, under no circumstance, may any additional equipment be placed within the sole possession of either party. In the event either party purchases new equipment that equipment will belong to that party.

8.     On or before April 10, 2009, Audrey will submit to Tim a list of approximately 100 patient paper files which she believes Tim has in his possession, and which she believes Tim should tender to her. On or before April 17, 2009, Tim will review the patient list and tender to Audrey any files which he believes are Audrey's patients. To the extent that the parties cannot agree as to whether patients on the list are Tim or Audrey's patients, a review of the list will be

2

undertaken by Maria Knecht for such determination. In the event that either party does not agree

with Maria's determination, they will tender such disagreement to Judge Nudelman for decision.

9.      The parties agree to withdraw all pending motions without prejudice before Judge

Pantle in the Litigation and to advise the Court that the hearing dates of April 15 and April 16,

2009 set for the pending motions should be stricken by agreement.

10.     On or before April 8, 2009, Tim will provide Audrey copies of patient lists as

they existed in the All Smiles Dental computer system as of December 2, 2008.

11.     Each party has tendered a $2,500 check to Tim's counsel for delivery to All

Smiles Dental's accountant so that the accountant can begin preparing the All Smiles Dental tax

returns. In the event the accountant needs information relating to such tax return preparations,

such information will be provided within seven (7) days from the accountant's written request.

12.     Both parties will inquire of their respective IT representatives the feasibility of

modifying fax received documents to a joint email address.

13.     The All Smiles Dental website will be modified such that the "Contact Us" link

will default to the "Meet the Dentists" link and the "Meet the Dentists" link will be modified so

as to include an individual contact link to Tim's email address and Audrey's email address after

their respective bios.

14.     From the date hereof Tim and Audrey will indemnify and hold harmless one

another for conduct of the other resulting in an adverse judgment against the indemnified party.

15.     From the date hereof, the ordering of payments set forth in Exhibit C of the Term

Sheet Agreement, which exhibit is referenced in paragraph 6 thereof, shall be modified such that

the order of payment shall be:  1A, 3, 4, 5, 11B, and 14, with the remaining sequence of priority

as originally set forth in Exhibit C.

3

16.    The parties acknowledge that each of them has different employees than that set forth in Exhibit A of the Term Sheet Agreement.

17.    The final sentence of the first paragraph of page 2 of Exhibit E of the Term Sheet Agreement is deleted.

18.    The Commitment Date is extended to June 5, 2009.

19.    The telephone number on the website shall be modified to include notations for "Dr. Tim, Option 1" and "Dr. Audrey, Option 2."

20.    Audrey shall deliver to Tim his piano and comic book collection by April 13, 2009, provided that prior thereto Audrey's counsel receives a draft MSA from Tim's counsel.

21.    Tim will give up the unilateral operational control of T & A Holdings granted him in the Term Sheet Agreement if he is unable to obtain a loan commitment by the June 5, 2009 commitment date.   Either party may petition the Court regarding issues related to T & A Holdings for good cause shown.

22.    The December 28, 2008 Term Sheet Agreement is no longer voidable by either party.

23.    This Term Sheet Agreement dated December 28, 2008 and supplemented herein will be made part of and incorporated into a court order under Case No. 08 CH 37220.

4

Timothy Stirneman
Date:  April 6, 2009

Audrey Stirneman
Date:  April 6, 2009

All Smiles Dental, P.C.
Date:  April 6, 2009

T & A Holdings, LLC
Date:  April 6, 2009

Thomas J. Verticchio
Date:  April 6, 2009

Algonquin Smiles, P.C.
Date:  April 6, 2009

Honorable Stuart A. Nudelman, Ret.
Date:  April 6, 2009

Jeffrey W. Brend
Date:  April 6, 2009